```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


DONTOYA REMOND BLACKSHEAR,      §
# 02114164,                     §
                                §
          Petitioner,            §
                                §
v.                              §    CIVIL ACTION NO. H-06-3694
                                §
TOMMY THOMAS,                   §
                                §
          Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Dontoya Remond Blackshear brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a state court felony conviction. This suit will be dismissed for failure to exhaust state remedies.

Blackshear was convicted of aggravated assault with a deadly weapon and was sentenced to eight years in prison. State v. Blackshear, No. 1044790 (339th Dist. Ct. Feb. 15, 2006). He filed an appeal, which is pending before the Texas Court of Appeals for the First District of Texas. Blackshear v. State, No. 01-06-00149-CR (filed Feb. 17, 2006). See Texas Court Online - First Court of Appeals, (http://www.1stcoa.courts.state.tx.us/). Blackshear also filed an application for a writ of mandamus and an application for a state writ of habeas corpus. Both applications were rejected by the Texas Court of Criminal Appeals, which noted that the direct appeal was still pending. Ex parte Blackshear, No. 64,756-02 (Jun. 14, 2006) (habeas action dismissed

- direct appeal pending); Ex parte Blackshear, No. 64,756-01 (Jun. 14, 2006) (mandamus denied without written order). See Texas Courts Online - Court of Criminal Appeals (http://www.cca.courts.state.tx.us/).

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). To exhaust his state remedies, the petitioner must fairly present the substance of his claims to the state courts, and the claims must have been fairly presented to the highest court of the state. Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990).

In Texas a petitioner satisfies this requirement by filing a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals or, in post-conviction matters, by filing a state application for a writ of habeas corpus in state district court, after the conviction is final; the district court then forwards the application to the Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985). Blackshear's prior state habeas application (No. 64,756-02) does not satisfy the exhaustion requirements because the Court of Criminal Appeals dismissed it without ruling on its merits. See Barrientes v. Johnson, 221 F.3d 741, 779 (5th Cir. 2000), citing Ex parte Torres, 943 S.W.2d 469,

2

472 (Tex. Crim. App. 1997). There is no record which indicates that Blackshear's habeas claims have been fairly presented to the Court of Criminal Appeals. See (http://www.cca.courts.state.tx.us/).

Since the First Court's records reflect that Blackshear's case is still on appeal he cannot seek relief in federal court at this time. See Emery v. Johnson, 139 F.3d 191, 194 (5th Cir. 1997). If a federal habeas petition is filed while state remedies are still being pursued, the federal court has the authority to dismiss the federal petition. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998). Moreover, Blackshear has acknowledged that his case is on appeal. See Docket Entry No. 6, Motion for Recognizance Bond Pending Appeal. His protests concerning the appellate proceedings (see Amended Complaint, Docket Entry No. 5, at 7) do not permit him to circumvent the state system and seek relief in federal court. See Graham v. Collins, 94 F.3d 958, 969 (5th Cir. 1996); Deters v. Collins, 985 F.2d 789, 792-794 (5th Cir. 1993). See also Bryant v. Bailey, 464 F.2d 560, 561 (5th Cir. 1972).

Accordingly, this action will be **dismissed** without prejudice for failure of the petitioner to exhaust all available remedies on all her claims to the state's highest court of criminal jurisdiction as required by the provisions of 28 U.S.C. § 2254.

Blackshear's Motion for Recognizance Bond Pending Appeal will

be **denied**. Ballard v. Texas, 438 F.2d 640 (5th Cir. 1971) ("There is no absolute right to bail pending appeal.").

Should Blackshear file a notice of appeal, this court **DENIES** the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

## Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

2. The Motion for Recognizance Bond Pending Appeal (Docket Entry No. 6) is **DENIED**.

3. This action is **DISMISSED** without prejudice to exhausting available state remedies.

4. A Certificate of Appealability is **DENIED**.

5. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this  10th  day of January, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE